# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN RUIZ, )<br>    Plaintiff, )<br>    v. )<br>    )<br>CARMEUSE LIME, INC. d/b/a CARMEUSE )<br>LIME & STONE, )<br>    Defendant. )<br>------------------------------------------------------------- )<br>    )<br>CARMEUSE LIME, INC. d/b/a CARMEUSE )<br>LIME & STONE, )<br>    Third Party Plaintiff, )<br>    v. )<br>    )<br>ILLINI STATE TRUCKING, INC., )<br>    Third Party Defendant. ) | CAUSE NO.: 2:10-CV-21-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate Entry of Default [DE 36], filed by Third Party Defendant Illini State Trucking, Inc. ("Illini") on April 6, 2011. For the reasons set forth in this Order, the Court grants the motion.

## PROCEDURAL BACKGROUND

On November 30, 2009, Plaintiff John Ruiz filed a Complaint in the Lake Superior Court against Defendant Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse") alleging negligence in relation to burns Ruiz sustained to his legs from "lime" or other chemicals on Carmeuse's property when Ruiz exited the vehicle he was driving while in the employment of Nick's Transport, LLC, which is a sub-contractor of Illini. The matter was removed to this Court by Carmeuse Lime, Inc. on January 14, 2010, and an Answer was filed on January 29, 2010.

On July 28, 2010, Carmeuse filed a Third Party Complaint against Illini for indemnification pursuant to a contract between Illini and Carmeuse. On September 20, 2010, the Court issued an order requiring Carmeuse to file a status report on service of process of the Third Party Complaint on Illini

by October 4, 2010. No report was filed. On November 8, 2010, the Court issued a second order requiring Carmeuse to file a report on service of process on Illini, setting a deadline of November 15, 2010 for the report. On November 15, 2010 and without leave of Court, Carmeuse refiled its Third Party Complaint, this time attaching a copy of the contract. That same date, Carmeuse filed a status report indicating service of the Third Party Complaint upon Illini by its registered agent on November 15, 2010.

A summons was issued on the Third Party Complaint as to Illini on January 12, 2011, and the return shows that Illini was served with the summons on January 21, 2011, making an answer due by February 11, 2011.

On March 2, 2011, Carmeuse filed a Motion for Entry of Default, and the Clerk of Court entered default on March 2, 2011.

On March 17, 2011, counsel for Illini entered an appearance, and the instant Motion to Vacate Entry of Default was filed on April 6, 2011. Carmeuse filed a response on April 21, 2011, and Illini filed a reply on April 27, 2011.

**ANALYSIS**

Federal Rule of Civil Procedure 55 provides, "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for default; (2) quick action to correct it; and (3) meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotation marks omitted); *see also Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

In its motion, Illini asserts a defense to the Third Party Complaint, arguing that Paragraph 12.2 of the indemnity agreement and Ind. Code § 8-2.1-26 (addressing "invalidity of indemnity agreements in motor carrier transportation contracts") are a complete bar to Carmeuse's cause of action. Illini

argues that Paragraph 12.1 of agreement, which is the provision cited by Carmeuse in its Third Party Complaint, is unenforceable under Indiana Code § 8-2.1-26 as Carmeuse is seeking indemnity for acts of the shipper (Carmeuse) for conduct and negligence occurring on the shipper's (Carmeuse's) property. Illini also references paragraph 12.2 of the contract, which Illini asserts provides that Carmeuse should indemnify Illini. Illini notes that there is no allegation in Ruiz's Complaint or in the Third Party Complaint of any negligence on the part of Illini, Nick's Transport, or Ruiz.

Carmeuse responds that the statutory scheme behind the Motor Carrier Regulations is to protect the public from accidents and to avoid confusion about who is financially liable if an accident occurs; thus, Carmeuse reasons that the statutory defense asserted by Illini is inapplicable in this case. Illini disagrees, reasserting in its reply that the anti-indemnity provision in motor carrier transportation contracts fully applies in this case. Carmeuse further argues that, under Indiana law, parties may, by express contract, lawfully bind themselves to indemnify each other against future acts of negligence. Resp., p. 5 (citing *Thomson Consumer Elecs. v. Wabash Valley Refuse Removal*, 682 N.E.2d 792 (Ind. 1997)). Finally, Carmeuse argues that, under Paragraph 11 of the agreement and Indiana state law, Illini had a duty of care for the safety of third persons and had sufficient notice that a claim of negligence was being levied against it. Carmeuse does not address Illini's defense under Paragraph 12.2 of the agreement.

Without ruling on the merits of the case, the Court finds that Illini's asserted defense is meritorious for purposes of this default analysis because the defense is one that "at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (citing *Pretzel & Stouffer*, 28 F.3d at 45-46).

To show good cause for the default, Illini sets forth the sequence of events beginning with Ruiz's workers compensation claim through this litigation and the entry of default, explaining that

3

there was a miscommunication between counsel, Nick's Transport, and Illini as to the representation of Illini in this litigation. Carmeuse rightly points out that Mr. Bult, the President of Illini, states in his supporting affidavit that he "did nothing with the summons and third-party complaint until [he] received the default." However, Mr. Bult also explains his erroneous belief that the summons and complaint he received in January 2011 were copies and that the attorney for Nick's Transport was taking care of Illini's representation under the indemnity contract with Illini. The Court finds that Illini has shown good cause for the default. Moreover, the Court finds that Illini has acted quickly to reverse the entry of default given that its attorney filed his appearance fifteen days after the clerk's entry of default and that the motion to vacate was filed less than three weeks later.

The Court recognizes that the Seventh Circuit has articulated a policy of favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631. Having carefully considered all the factors in this case, the Court finds that Illini satisfies the requirements for setting aside the entry of default.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Vacate Entry of Default [DE 36] and **ORDERS** that the Entry of Default [DE 32] is **VACATED**. The Court **ORDERS** that Third-Party Defendant Illini State Trucking, Inc. shall have up to and including **June 2, 2011**, in which to file an answer or otherwise respond to Carmeuse's Third Party Complaint.

SO ORDERED this 12th day of May, 2011.

                                           s/ Paul R. Cherry
                                           MAGISTRATE JUDGE PAUL R. CHERRY
                                           UNITED STATE DISTRICT COURT

cc: All counsel of record