**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOHN RUIZ,<br>       Plaintiff,<br>   v.<br><br>CARMEUSE LIME, INC. d/b/a CARMEUSE<br>LIME & STONE,<br>       Defendant.<br>------------------------------------------------------------<br>CARMEUSE LIME, INC. d/b/a CARMEUSE<br>LIME & STONE,<br>       Third Party Plaintiff,<br>   v.<br><br>ILLINI STATE TRUCKING, INC.,<br>       Third Party Defendant. | CAUSE NO.: 2:10-CV-21-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Third Party Complaint [DE 43], filed by Third Party Defendant Illini State Trucking, Inc. ("Illini") on May 18, 2011. Third Party Plaintiff Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse") has not filed a response, and the time to do so has passed.[1] For the reasons set forth in this Order, the Court grants the Motion to Dismiss.

**PROCEDURAL AND FACTUAL BACKGROUND**

On November 30, 2009, Plaintiff John Ruiz ("Ruiz") filed a Complaint in the Lake Superior Court against Carmeuse, alleging negligence in relation to burns Ruiz sustained to his legs from "lime" or other chemicals on Carmeuse's property when Ruiz exited the vehicle he was driving while employed by Nick's Transport, LLC ("Nick's Transport"), a sub-contractor of Illini.

---

[1] Local Rule 7.1(a) provides, in relevant part: "Unless the court otherwise directs, or as otherwise provided in L.R. 56.1, an adverse party shall have fourteen (14) days after service of a motion in which to serve and file a response . . . ." N.D. Ind. L.R. 7.1(a).

Carmeuse removed the case to this Court on January 14, 2010, and filed an Answer on January 29, 2010.

On July 28, 2010, Carmeuse filed a Third Party Complaint against Illini for indemnification pursuant to a contract between Illini and Carmeuse and subsequently, on November 15, 2010, re-filed the Third Party Complaint. Illini did not file an answer or otherwise respond to the Third Party Complaint, and, on March 1, 2011, Carmeuse filed a Motion for Entry of Default. On March 2, 2011, the Clerk of Court entered default against Illini.

Illini filed a Motion to Vacate Entry of Default and a memorandum in support on April 6, 2011. On May 12, 2011, the Court granted the motion.

On May 18, 2011, Illini filed the instant Motion to Dismiss Third Party Complaint and a memorandum in support, seeking dismissal of Carmeuse's Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Illini also filed a Counterclaim against Carmeuse the same date.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

In ruling on the Motion to Dismiss, the Court considers the Motor Carrier/Shipper Agreement between Illini and Carmeuse that Carmeuse attached to its Third Party Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006) ("[W]e will consider the exhibits attached to a complaint, but, where an exhibit conflicts with the allegations of the complaint, the exhibit typically controls.").

3

## ANALYSIS

In its Third Party Complaint, Carmeuse invokes Paragraph 12.1 of the Motor Carrier/Shipper Agreement ("Agreement") executed by Carmeuse and Illini in support of its claim for indemnification under the Agreement, alleging that Illini must indemnify, defend, and hold harmless Carmeuse "for any incidents arising out of Illini's performance of the contract, which would include the subject incident." Third Party Compl., ¶ 10.

Paragraph 12.1 of the Agreement provides in its entirety:

> Carrier [Illini] shall indemnify, defend, and hold harmless Shipper [Carmeuse], its employees, agents, representatives, successors and assigns from and against any and all judgments, costs, damages, claims, causes of action and expenses (including attorneys fees) resulting from or arising out of any injuries to persons (including death) and damage to property caused by Carrier's [Illini's] performance hereunder or the negligent acts *or* omissions of the Carrier [Illini], its employees, agents, servants or representatives.

Third Party Compl., Exh. A, p. 5 (emphasis added).

Chapter 26 of Title 8, Article 2.1 of the Indiana Code, entitled "Invalidity of Indemnity Agreements in Motor Carrier Transportation Contracts," applies to indemnity provisions entered into or renewed after June 30, 2006. *See* Ind. Code § 8-2.1-26-1. The Agreement containing the indemnity provision at issue in this case was entered into or renewed on April 1, 2007, and, thus, is subject to the provisions of Chapter 26.

This anti-indemnity statute provides:

> Notwithstanding any other law, an indemnity provision under this chapter is:
> (1) against public policy; and
> (2) void and unenforceable.

Ind. Code § 8-2.1-26-5(b).

An "indemnity provision" is defined as

> a provision, a clause, a covenant, or an agreement that:
> (1) is contained in, collateral to, or affecting a motor carrier transportation contract; and
> (2) purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, a promisee against liability for loss or damage resulting from:
>     (A) negligence;
>     (B) intentional acts; or
>     (C) omissions;
> of the promisee or an agent, employee, servant, or independent contractor that is directly responsible to the promisee.

Ind. Code § 8-2.1-26-2. Paragraph 12.1 of the Agreement is an "indemnity provision" for purposes of Chapter 26.

A "motor carrier transportation contract" is defined as

> a contract, an agreement, or an understanding covering:
> (1) the transportation of property for compensation or hire by a motor carrier as defined under this article or by 49 U.S.C. 13102(12);
> (2) the entrance on real property by a motor carrier to:
>     (A) load;
>     (B) unload; or
>     (C) transport property for compensation or hire; or
> (3) a service incidental to an activity described in subdivision (1) or (2), including storage of property.

Ind. Code § 8-2.1-26-3. The Motor Carrier/Shipper Agreement between Carmeuse and Illini is a "motor carrier transportation contract" within the meaning of this definition.

A "promisee" is defined as

> a person that an indemnity provision:
> (1) purports to indemnify, defend, or hold harmless; or
> (2) has the effect of indemnifying, defending, or holding harmless.

Ind. Code § 8-2.1-26-4. Carmeuse is a "promisee" as defined in this section for purposes of the indemnity provision at issue.

5

Finally, Indiana Code § 8-2.1-26-5(a) provides three exceptions to the general rule set forth in § 8-2.1-26-5(b) that indemnity provisions are void and unenforceable:

> (1) An indemnity provision in which a motor carrier indemnifies a promisee for and only to the extent of loss or damage that results directly from the negligence, omission, or intentional act of the motor carrier or an agent, employee, servant, or independent contractor that is directly responsible to the motor carrier.
>
> (2) An indemnity provision contained in, collateral to, or affecting a motor carrier transportation contract with a regulated public utility, including an energy utility (as defined in IC 8-1-2.5-2) or an affiliate of an energy utility, if the contract relates to a utility product, service, or business operation. For purposes of this subdivision, a contract relates to a utility product, service, or business operation if it involves an activity necessary for or ancillary to the production or delivery of heat, power and light, or a product or service under the jurisdiction of the Indiana utility regulatory commission (as described by IC 8-1-1).
>
> (3) The Uniform Intermodal Interchange and Facilities Access Agreement administered by the Intermodal Association of North America.

Ind. Code § 8-2.1-26-5(a).

In the instant Motion to Dismiss, Illini argues that Carmeuses' Third Party Complaint fails to state a claim upon which relief may be granted because the indemnity provision in Paragraph 12.1, invoked by Carmeuse, is against public policy and is void and unenforceable pursuant to Indiana Code § 8-2.1-26-5(b). More specifically, Illini contends that the indemnity provision does not fall within the exclusion for claims of "negligence, omission, or intentional act" in § 8-2.1-26-5(a)(1). Carmeuse has not responded to the instant motion and, thus, has not offered the Court any argument in support of its Third Party Complaint.

The indemnity provision in Paragraph 12.1 of the Agreement sets forth two separate bases for indemnification of Carmeuse by Illini. It provides that Illini must indemnify Carmeuse for damages resulting from injury to persons or damage to property caused by: (1) "[Illini's] performance [under the Agreement]" *or* (2) "the negligent acts or omissions of [Illini], its

6

employees, agents, servants or representatives." *See supra* full text of ¶ 12.1 of Agreement. In the Third Party Complaint, Carmeuse invokes only the first basis for indemnification for "any incidents arising out of [Illini's] performance under the contract," alleging specifically that Illini must indemnify Carmeuse against the allegations of Ruiz in his Complaint because Ruiz's injuries occurred while Ruiz was employed by Nick's Transport, a subcontractor of Illini. Third Party Compl., Exh. A, ¶ 10. Because this indemnification based on contract performance does not fall within any of the exceptions set forth in § 8-2.1-26-5(a), including subsection 5(a)(1) cited by Illini, this first basis for indemnification in Paragraph 12.1 of the Agreement is "against public policy" and is "void and unenforceable." Ind. Code § 8-2.1-26-5(b). Accordingly, under the standard articulated in *Iqbal* and *Twombly*, the Court finds that Carmeuse's Third Party Complaint fails to state a claim for relief for indemnification under the Agreement and dismisses the Third Party Complaint with prejudice.

In addition, the Court notes that Carmeuse does not invoke in the Third Party Complaint the second basis for indemnification set forth in Paragraph 12.1 of the Agreement, namely "the negligent acts or omissions of [Illini] and its employees, agents, servants or representatives." It appears that this second basis for indemnification may fall within the exception to the unenforceability of indemnity provisions for damages that result "directly from the negligence, omission, or intentional act of the motor carrier or an agent, employee . . . ." Ind. Code§ 8-2.1-26-5(a)(1). Nevertheless, even if Carmeuse were invoking this alternate basis for indemnification, Carmeuse does not allege any *facts* in the Third Party Complaint of negligence, omission, or intentional act by Illini or its agents, employees, servants, or independent contractors, including

7

against John Ruiz, that would state a plausible claim of negligence, omission, or intentional act against Illini.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss Third Party Complaint [DE 43], and the Third Party Complaint [DE 17 and DE 24] is **DISMISSED with prejudice**.

The Counterclaim of Illini against Carmeuse **REMAINS PENDING**.

SO ORDERED this 23rd day of June, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record