**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ILLINI STATE TRUCKING, INC., )<br>      Third Party Counter-claimant. )<br>      v. )<br>)<br>CARMEUSE LIME, INC. d/b/a CARMEUSE )<br>LIME & STONE, )<br>      Third Party Counter-defendant. ) | CAUSE NO.: 2:10-CV-21-PRC |

**OPINION AND ORDER**

This matter is before the Court on (1) a Motion for Leave to File Counterclaim [DE 73], filed by Third Party Counter-defendant Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse") on November 11, 2011, (2) a Motion for Leave to File Counterclaim [DE 74], filed by Carmeuse on November 14, 2011, and (3) a Motion for Judgment on the Pleadings [DE 77], filed by Third Party Counter-Claimant Illini State Trucking, Inc. ("Illini") on November 18, 2011.

**PROCEDURAL BACKGROUND**

On November 30, 2009, Plaintiff John Ruiz filed his Complaint in the Lake County, Indiana Superior Court against Defendant Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse"). On January 14, 2010, Carmeuse filed a Notice of Removal, and on January 29, 2010, Carmeuse filed an Answer with this Court.

On July 21, 2010, the Court granted Carmeuse leave to file a Third Party Complaint against Illini State Trucking, Inc. ("Illini"), and Carmeuse filed its Third Party Complaint on July 28, 2010, and again on November 15, 2010. On May 18, 2011, Illini filed a Motion to Dismiss the Third Party Complaint and filed a Third Party Counterclaim against Carmeuse. On August 4, 2011, the Court dismissed Carmeuse's Third Party Complaint without prejudice. On January 4, 2012, the claims by Plaintiff John Ruiz against Carmeuse were dismissed with prejudice pursuant to the parties'

stipulation. Accordingly, the only pleading that remains pending in this case is Illini's Third Party Counterclaim against Carmeuse.

On November 11, 2011, and November 14, 2011, Carmeuse filed the instant Motion for Leave to File Counterclaim against Illini. On November 18, 2011, Illini filed a response to the Motion for Leave to File Counterclaim. Carmeuse has not filed a reply in support of its motion, and the time to do so has passed.

On November 18, 2011, Illini filed the instant Motion for Judgment on the Pleadings. Carmeuse filed a response on December 2, 2011, and Illini filed a reply on December 5, 2011.

### A. Motion for Leave to File Counterclaim

In the Motion for Leave to File Counterclaim, Carmeuse essentially asks the Court to allow it to file a counterclaim to Illini's counterclaim. It appears that Carmeuse actually seeks leave of Court to refile its Third Party Complaint by attempting to cure the deficiencies the Court found when it dismissed without prejudice the Third Party Complaint on August 4, 2011. The Court dismissed the Third Party Complaint for failure to state a claim because Carmeuse failed to allege any facts in the Third Party Complaint that Illini or any of its agents were negligent in regard to Ruiz's injury.

The Court has compared Carmeuse's proposed Counterclaim with its dismissed Third Party Complaint. The two pleadings are identical in all material respects with the exception of Paragraph 10. Paragraph 10 of the Third Party Complaint provides:

> 10.   All of the claims against Carmeuse, as alleged in plaintiff's Complaint, are covered by the Contract between Carmeuse and Illini. As Illini agreed to indemnify, defend, and hold harmless Carmeuse for any incidents arising out of Illini's performance of the contract, which would include the subject incident.

Docket Entry 24, p. 3. In contrast, paragraph 10 of the proposed Counterclaim provides:

    10.     All of the claims against Carmeuse, as alleged in plaintiff's Complaint, are covered by the contract between Carmeuse and Illini, where Illini agreed to indemnify, defend, and hold harmless Carmeuse from, inter alia, "claims...resulting from or arising out of any injuries to persons...caused by carrier's performance" under said contract "or the negligent acts or omissions of the Carrier, its employees, agents, servants or representatives," and the plaintiff's claims arose out of and were caused by the following:

        a.    acts or omissions by Illini in the course of performing pursuant to said contract;

        b.    negligent acts or omissions by Nick's Transport as employee, agent, servant and/or representative of Illini; and

        c.    negligent acts or omissions by the plaintiff as employee, agent, servant and/or representative of Illini.

Docket Entry 73, Exh. 2, p. 3; docket entry 74, p. 27.

The proposed Counterclaim does not cure the factual deficiencies of the dismissed Third Party Complaint. There are still no factual allegations in the proposed Counterclaim connecting any action by Ruiz, Illini, or any other agent or representative of Illini to the injury that Ruiz sustained on Carmeuse's property. Illini argues as much in its response brief, and Carmeuse offers no reply in support of the instant motion. The Court finds that the addition of the subparagraphs a-c to Paragraph 10 in the proposed Counterclaim does not contain any factual allegations as to causation to state a plausible claim for relief, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for the same reasons as set out fully in the Court's August 4, 2011 Order. Accordingly, the Court denies the Motion for Leave to File Counterclaim.

### B. Motion for Judgment on the Pleadings

In its Counterclaim, Illini alleges that, on December 7, 2007, Ruiz was an employee of Nick's Transport LLC; that, while on the premises of Carmeuse, Ruiz was injured as a result of an incident involving the truck he was operating while hauling materials for Carmeuse; and that Ruiz has sued Carmeuse for personal injuries arising out of the incident. Illini further alleges that, on that

date, Carmeuse and Illini were parties to a Motor Carrier/Shipper Agreement ("Agreement"), which is attached as an exhibit to the Counterclaim.  Paragraph 12.2 of the Agreement provides:

> Shipper [Carmeuse] agrees to indemnify, defend and hold harmless Carrier [Illini], its employees, agents, representatives, successors and assigns from and against any and all judgments, costs, damages, claims, [causes] of action and expenses (including attorneys fees) resulting from or arising out of any injuries to persons (including death) and damage to property caused by the negligent acts or omissions of Shipper [Carmeuse], its employees, agents, servants or representatives.

Docket Entry 45, Exh. 2.

Illini's Counterclaim further alleges that the underlying Complaint filed by Ruiz alleges negligence on the part of defendant Carmeuse when Ruiz was driving his truck on the Carmeuse premises and drove into a ditch.  Illini also alleges that Ruiz's complaint alleges that Carmeuse carelessly and negligently allowed hazardous and dangerous conditions to remain on its premises, which proximately caused the injuries to Ruiz.  Illini alleges that, as a result of the injuries, Ruiz sued Carmeuse, which in turn filed a Third Party Complaint against Illini.  Finally, Illini alleges that, pursuant to Paragraph 12.2, Carmeuse, the shipper, has agreed to indemnify and hold harmless Illini from any and all judgments, costs, damages, claims, causes of action and expenses, including attorney fees.  In the last paragraph, Illini alleges that it "has incurred various costs and attorney fees as a result of the claim filed by Ruiz and the Third Party Complaint filed by Carmeuse."  Docket Entry 45.  In its prayer for relief, Illini asks the Court to find that Carmeuse owes Illini indemnification and reimbursement for attorney fees and expenses incurred in defending Carmeuse's Third Party Complaint and in bringing the instant Third Party Counterclaim.

Illini now seeks judgment on the pleadings in its favor pursuant to Federal Rule of Civil Procedure 12(c), which provides: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In ruling on a 12(c)

motion, the Court employs the same standards for a motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court takes the facts alleged in the Counterclaim as true and draws all reasonable inferences in favor of Carmeuse, the nonmoving party. *Id*. The Court rules on a motion for judgment on the pleadings under Rule 12(c) based on a review of the pleadings alone, which include the Counterclaim, the Answer to the Counterclaim, and any written instruments attached as exhibits. *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Illini has attached a copy of the Agreement to its Counterclaim, and the Court will consider the Agreement in this ruling.

In its motion, Illini argues that Carmeuse's action of filing the Third Party Complaint against Illini as a result of Ruiz's Complaint constitutes a "negligent act or omission by [Carmeuse]" under Paragraph 12.2 of the Agreement. Illini argues that the filing of the Third Party Complaint by Carmeuse was negligent because the Court ultimately dismissed Carmeuse's Third Party Complaint for failure to state a claim on the basis that the Third Party Complaint did not allege any facts that would create a plausible claim of negligence, omission, or intentional act by Illini. Illini argues that, as a result of setting aside the default in this case, defending the Third Party Complaint and prevailing, attending a mediation, filing objections to Carmeuse's Motion for Leave to File a Counterclaim (which the Court notes it has denied in Part A of this Opinion), and filing the instant Motion for Judgment on the Pleadings, Illini has been damaged in the form of attorney fees and costs, all arising out of the acts of Carmeuse. In response, Carmeuse argues that Paragraph 12.2 of the Agreement is prohibited by the Indiana anti-indemnification provision, Indiana Code § 8-2.1-26.

The effect of Chapter 26 is to render void and unenforceable as against public policy indemnity agreements that require one party (e.g. the carrier, Illini) to indemnify, defend, and hold harmless the other party (e.g. the shipper, Carmeuse) for that second party's (e.g., the shipper's, Carmeuse's) own negligence, intentional acts, or omissions. First, the statute narrowly defines the term "indemnity provision" as one in which the promisee is indemnified for the promisee's own negligence:

> As used in this chapter, "indemnity provision" means a provision, a clause, a covenant, or an agreement that:
> (1) is contained in, collateral to, or affecting a motor carrier transportation contract; and
> (2) purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, *a promisee* against liability for loss or damage resulting from:
>    (A) negligence;
>    (B) intentional acts; or
>    (C) omissions;
> *of the promisee* or an agent, employee, servant, or independent contractor that is directly responsible to the promisee.

Ind. Code § 8-2.1-26-2 (emphasis added).

The parties do not dispute that the Agreement between Carmeuse and Illini is a "motor carrier transportation contract," which is defined by the statute as

> a contract, an agreement, or an understanding covering:
> (1) the transportation of property for compensation or hire by a motor carrier as defined under this article or by 49 U.S.C. 13102(12);
> (2) the entrance on real property by a motor carrier to:
>    (A) load;
>    (B) unload; or
>    (C) transport property for compensation or hire; or
> (3) a service incidental to an activity described in subdivision (1) or (2), including storage of property.

Ind. Code § 8-2.1-26-3. The term "promisee" is defined for purposes of the statute as

> a person that an indemnity provision:
> (1) purports to indemnify, defend, or hold harmless; or
> (2) has the effect of indemnifying, defending, or holding harmless.

Ind. Code § 8-2.1-26-4.

The statute declares this narrow definition of indemnity provision to be void and unenforceable as against public policy:

> Notwithstanding any other law, an indemnity provision under this chapter is:
> (1) against public policy; and
> (2) void and unenforceable.

Ind. Code § 8-2.1-26-5(b).

The indemnity provision in Paragraph 12.2 of the parties' Agreement invoked by Illini in its Counterclaim is not void and unenforceable under the statute because the promisee is not being indemnified for its own negligence. Paragraph 12.2 does not require Carmeuse to indemnify, defend, and hold harmless *Illini* for *Ilini's* negligence, intentional acts, or omissions. Rather, Paragraph 12.2 requires Carmeuse to indemnify, defend, and hold harmless *Illini* (the promisee) for *Carmeuse*'s (the promissor) negligence, intentional acts, or omissions. Thus, the indemnity provision in Paragraph 12.2, on its face, is not void or unenforceable, and Carmeuse's only argument against the Motion for Judgment on the Pleadings must fail.[1]

---

[1] The Court recognizes that the exception to the anti-indemnity provision in section 5(a) of Chapter 26 that the Court, in its August 4, 2011 Order, found applicable to Paragraph 12.1 of the Agreement does *not* apply to Paragraph 12.2. Section 5(a) provides:
> (1) An indemnity provision in which a motor carrier [Illini] indemnifies a promisee [Carmeuse] for and only to the extent of loss or damage that results directly from the negligence, omission, or intentional act of the motor carrier [Illini] or an agent, employee, servant, or independent contractor that is directly responsible to the motor carrier.

Ind. Code § 8-2.1-26-5(a). Given the history of indemnity provisions in motor carrier agreements in which a motor carrier was required to indemnify a shipper for the shipper's own negligence, it is logical that the statute clarifies that the anti-indemnity provision does not render void those indemnity provisions in which a motor carrier is required to indemnify the shipper for the motor carrier's own negligence. Although the express exception to the anti-indemnity

However, the Court nevertheless finds that Illini's argument in its Motion for Judgment on the Pleadings fails. In the motion, Illini argues that the "negligent act or omission" by Carmeuse that would invoke the award of attorney fees under Paragraph 12.2 of the Agreement is the filing of the Third Party Complaint itself:

> Illini contends that Carmeuse's actions on filing a complaint against Illini as a result of Ruiz's complaint comes within the purview of Para. 12.2. Since the [Third Party Complaint] was dismissed [DE 63] and the court noted that Carmeuse's third party complaint did not allege any facts that would create a plausible claim of negligence, omission or intentional act, thus the complaint alone would come within the purview of Para. 12.2 as it was a negligent act or omission of the Shipper, its employees, agents, servants, or representative.

Illini Mot., p. 3. There are several problems with this argument. First, the filing of the Third Party Complaint itself cannot constitute the "negligent act or omission" for purposes of Paragraph 12.2. Carmeuse's filing of the Third Party Complaint was intentional, and the filing of the Third Party Complaint did not cause injury to persons or damage to property that led Illini to incur damages in this lawsuit. As alleged in the Counterclaim, it may be that Illini can show that a negligent act or omission by Carmeuse caused the bodily injury to John Ruiz, which led to Ruiz filing his lawsuit against Carmeuse, which in turn led to Carmeuse filing its Third Party Complaint against Illini, which resulted in Illini incurring the costs and attorney fees set out in the Counterclaim. However, the "negligent act or omission" is that which caused the original bodily injury to Ruiz and is not the filing of the Third Party Complaint.

Second, even if the Third Party Complaint could constitute the requisite "negligent act or omission," it is not apparent from the face of Illini's Counterclaim that Carmeuse's Third Party

---

provision of 5(a) does not apply to Paragraph 12.2, the anti-indemnity provision of 5(b) (the text of which is cited in the main text) nevertheless does not apply to Paragraph 12.2 because Paragraph 12.2 does not fall within the definition of an "indemnity provision" as defined in Ind. Code § 8-2.1-26-3. Paragraph 12.2 does not require Carmeuse to indemnify Illini for Illini's negligence.

Complaint should be dismissed by the Court as a matter of law. The premise of Illini's Motion for Judgment on the Pleadings requires the Court to consider its August 4, 2011 Opinion dismissing the Third Party Complaint, which is a document outside of the pleadings. Because review under Rule 12(c) is limited to the pleadings and any attachment to the pleadings, the Court's August 4, 2011 Opinion can not be a factual basis for ruling on the Rule 12(c) motion.

Accordingly, the Court denies the Motion for Judgment on the Pleadings.

## CONCLUSION

Based on the foregoing, the Court hereby (1) **DENIES** the Motion for Leave to File Counterclaim [DE 73]; (2) **DENIES** the Motion for Leave to File Counterclaim [DE 74]; and (3) **DENIES** the Motion for Judgment on the Pleadings [DE 77]. The Court **REAFFIRMS** the Telephonic Status Conference set for **February 9, 2012, at 9:00 a.m.**

SO ORDERED this 18th day of January, 2012.

                                         s/ Paul R. Cherry
                                       MAGISTRATE JUDGE PAUL R. CHERRY
                                       UNITED STATES DISTRICT COURT

cc:    All counsel of record