**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ILLINI STATE TRUCKING, INC., )<br>      Third Party Counter-claimant. )<br>    v. )<br>)<br>CARMEUSE LIME, INC. d/b/a CARMEUSE )<br>LIME & STONE, )<br>      Third Party Counter-defendant. ) | CAUSE NO.: 2:10-CV-21-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand [DE 88], filed by Third Party Counter-defendant Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse") on March 1, 2012. Third Party Counter-claimant Illini State Trucking, Inc. ("Illini") filed a response on March 8, 2012, and Carmeuse filed a reply on March 16, 2012.

**PROCEDURAL BACKGROUND**

On November 30, 2009, Plaintiff John Ruiz filed his Complaint in the Lake Superior Court against Defendant Carmeuse Lime, Inc. d/b/a Carmeuse Lime & Stone ("Carmeuse"). On January 14, 2010, Carmeuse filed a Notice of Removal, and on January 29, 2010, Carmeuse filed an Answer with this Court.

On July 21, 2010, the Court granted Carmeuse leave to file a Third Party Complaint against Illini State Trucking, Inc. ("Illini"), and Carmeuse filed the Third Party Complaint on July 28, 2010, and again on November 15, 2010, alleging that, pursuant to the Motor Carrier/Shipper Agreement ("Agreement") between them, Illini was required to indemnify, defend, and hold harmless Carmeuse for the claims brought by Ruiz against Carmeuse in the underlying complaint. The provision of the Agreement invoked by Carmeuse provides:

> Carrier [Illini] shall indemnify, defend, and hold harmless Shipper [Carmeuse], its employees, agents, representatives, successors and assigns from and against any and

> all judgments, costs, damages, claims, causes of action and expenses (including attorneys fees) resulting from or arising out of any injuries to persons (including death) and damage to property caused by Carrier's [Illini's] performance hereunder or the negligent acts or omissions of the Carrier [Illini], its employees, agents, servants or representatives.

Third Party Compl., Exh. A, p. 5, ¶ 12.1 (the Agreement).

On May 18, 2011, Illini filed a Motion to Dismiss the Third Party Complaint and also filed a Third Party Counterclaim against Carmeuse, alleging that Carmeuse owed Illini indemnification pursuant to the Agreement and seeking reimbursement of attorney fees and expenses incurred in the defense of the underlying action and in bringing the third party counterclaim. The provision of the Agreement invoked by Illini provides:

> Shipper [Carmeuse] agrees to indemnify, defend and hold harmless Carrier [Illini], its employees, agents, representatives, successors and assigns from and against any and all judgments, costs, damages, claims, [causes] of action and expenses (including attorneys fees) resulting from or arising out of any injuries to persons (including death) and damage to property caused by the negligent acts or omissions of Shipper [Carmeuse], its employees, agents, servants or representatives.

Third Party Compl., Exh. A, p. 5 ¶ 12.2 (the Agreement).

On August 4, 2011, the Court dismissed Carmeuse's Third Party Complaint against Illini without prejudice for failure to state a claim.

On January 4, 2012, the Complaint brought by Plaintiff John Ruiz against Carmeuse was dismissed with prejudice pursuant to the parties' stipulation.

On February 9, 2012, the Court held a status conference at which counsel for Carmeuse indicated that Carmeuse intended to file a Motion to Remand the Third Party Counterclaim. The Court set a deadline of March 1, 2012, for any such motion. The Court also set a jury trial for January 14, 2013.

**ANALYSIS**

After removing Ruiz's personal injury complaint to this Court, Carmeuse filed a Third Party Complaint against Illini for defense and indemnification for costs in this litigation under the Agreement between Carmeuse and Illini, and Illini responded with a compulsory Counterclaim to the Third Party Complaint, also seeking indemnification under the Agreement. The original Complaint by Ruiz against Carmeuse has now been dismissed, with prejudice, pursuant to a stipulation of the parties. The Third Party Complaint brought by Carmeuse against Illini has also been dismissed, albeit without prejudice. All that remains pending in this case is Illini's Counterclaim to the Third Party Complaint against Carmeuse based on a state-law contract theory.

Carmeuse now asks the Court to remand Illini's Third Party Counterclaim on the basis that there is no longer diversity jurisdiction over the Third Party Counterclaim. Carmeuse believes that the amount in controversy on the Third Party Counterclaim, which is for attorney fees and expenses related to Illini's defense in this case, cannot exceed $75,000. Illini responds that, because Carmeuse established subject matter jurisdiction at the time of removal and because Illini filed a compulsory counterclaim to Carmeuse's Third Party Complaint, the Court maintains subject matter jurisdiction notwithstanding a reduction of the amount in controversy. Illini does not argue that the attorney fees and expenses it seeks exceed $75,000. In its reply brief, Carmeuse further represents that, because the Court dismissed Carmeuse's Third Party Complaint against Illini without prejudice, Carmeuse is in the process of filing its claim against Illini in state court.

The Court's original jurisdiction over Ruiz's state law personal injury complaint, removed to this Court by Carmeuse pursuant to 28 U.S.C. §1441(a), is predicated on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Carmeuse's Third Party Complaint is brought against Illini under Federal Rule of Civil Procedure 14, which allows a defending party to file a third party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Although there is no jurisdictional statement in the Third Party Complaint,[1] the Court has supplemental jurisdiction over Carmeuse's Third Party Complaint pursuant to 28 U.S.C. § 1367(a), which provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Carmeuse's claim for indemnification under the Agreement for any liability for Ruiz's injuries is so related to Ruiz's underlying personal injury claim that they form part of the "same case or controversy" for purposes of Article III.

Illini's compulsory Counterclaim to the Third Party Complaint is brought pursuant to Federal Rule of Civil Procedure 14(a)(2), which provides that a Third Party Defendant "must assert any counterclaim against the third-party plaintiff under Rule 13(a)." Fed. R. Civ. P. 14(a)(2). Carmeuse does not dispute that Illini's Third Party Counterclaim is a compulsory counterclaim under Rule 13(a), which provides:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:

---

[1] There is only an allegation that complete diversity remains with the filing of the Third Party Complaint. However, that fact is irrelevant, given that the citizenship of the parties to the third party complaint do not impact the Court's original diversity jurisdiction in the case. *See Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-960, 2009 WL 3756444, *2 (S.D. Ill. 2009) (citing Fed. R. Civ. P. 14(a); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 n. 1 (S.D. Ill. June 30, 2006)).

4

> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). The Court has supplemental jurisdiction pursuant to § 1367(a) over Illini's Counterclaim against Carmeuse, which also seeks indemnification under the Agreement.

In this case, having dismissed Ruiz's Complaint with prejudice pursuant to a stipulation of the parties, the Court has disposed of the only claims that were based on the Court's original diversity jurisdiction. The Counterclaim to the Third Party Complaint that remains pending is before the Court on supplemental jurisdiction. Notably, there is no assertion by Illini that there is any basis for original jurisdiction over the Counterclaim. Although the parties to the Counterclaim are diverse, Carmeuse argues in its motion that the amount in controversy on the claim for attorney fees and costs in the Counterclaim does not equal or exceed $75,000, and Illini does not attempt to demonstrate otherwise.

When all the of the claims in a case giving rise to original jurisdiction have been dismissed, a district court maintains subject matter jurisdiction over those claims that fall within its supplemental jurisdiction § 1367(a). *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009)). However, § 1367(c) specifically provides that a district court may decline to exercise supplemental jurisdiction when "the District Court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline jurisdiction is squarely within the court's discretion. *Miller*, 600 F.3d at 738 (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

5

There is a presumption that the district court "will relinquish [that] jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (citing cases). In *Wright*, the Seventh Circuit Court of Appeals noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point to a federal decision of the state-law claims on the merits." 29 F.3d at 1251. As initially set forth in *Wright*, the Seventh Circuit has repeatedly held that "district courts should exercise the discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)); *see also Wright*, 29 F.3d at 1251-52.

As to the first basis, there is no argument before the Court that the statute of limitations has run or would be jeopardized by dismissal of the Counterclaim under 28 U.S.C. § 1367(d).

Second, in *Wright*, the court counseled against remand when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986)); *see also Dargis v. Sheahan*, 526 F.3d 981, 990-91 (7th Cir. 2008). In this case, the opposite is true. Although the Court has spent significant resources assessing the pleadings and the Court's jurisdiction, the Court has not addressed the merits of the underlying personal injury claim brought by John Ruiz in his Complaint, which the parties settled and has been dismissed with

6

prejudice. As acknowledged by the parties at the telephonic status conference in this case on February 9, 2012, resolution of Illini's Counterclaim for indemnification under the Agreement by Carmeuse for the attorney fees and costs incurred by Illini in defending this action will require a determination of whether Carmeuse's negligence, intentional acts, or omissions led to Ruiz's injuries and, thus, Illini's involvement in this litigation, which will require the parties to litigate the merits of the underlying personal injury case.

Carmeuse represents to the Court in its reply brief that it is in the process of refiling in state court the claim against Illini for indemnification under the Agreement that it asserted its Third Party Complaint, which this Court dismissed without prejudice. The resolution of that claim will address many if not all of the same factual issues present in Illini's Counterclaim for indemnification under the Agreement. Judicial resources would be conserved by dismissing the Counterclaim rather than maintaining jurisdiction so that Carmeuse's claim for attorney fees and Illini's Counterclaim to Carmeuse's claim can be tried together.

Finally, there is no clear indication as to the outcome of Illini's state law contract claims for indemnification under the Agreement. To determine whether Carmeuse must indemnify Illini, there must first be a determination as to whether Carmeuse's negligence, intentional acts, or omissions led to Ruiz's injuries and, thus, Illini's involvement in this litigation.

In the absence of any circumstances sufficient to overcome the presumption, the Court declines, in its discretion, to exercise supplemental jurisdiction over Illini's state-law Counterclaim.

As a final matter, the Court notes that Carmeuse seeks remand of the Counterclaim to the Third Party Complaint for lack of jurisdiction. As noted above, the Court has not been divested of its jurisdiction over the Counterclaim; thus remand is not appropriate. Rather, the Court has

7

decided, in its discretion, to relinquish its supplemental jurisdiction over the Counterclaim. Therefore, dismissal under 28 U.S.C. § 1367(d) is the proper vehicle for disposing of the Counterclaim so that it can be refiled in state court, should Illini so choose. The period of limitations for the claim asserted in Illini's Counterclaim is tolled for the time the claim has been pending and for a period of 30 days after it is dismissed by this Court, unless state law allows for a longer tolling period. *See* 28 U.S.C. § 1367(d).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Remand [DE 88] but orders relief different than requested.

Pursuant to 28 U.S.C. § 1367(d), the Court hereby **DISMISSES without prejudice** Illini's Counterclaim [DE 45]. As there are no claims remaining in this case, the Court **DIRECTS** the Clerk of Court to mark this case as closed.

SO ORDERED this 18th day of April, 2012.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT

cc:     All counsel of record